# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   CV 19-9545 JVS (SS) | Date: November 15, 2019 |
| | Page 1 of 4 |

Title:   Emanuel Nash v. Supreme Court of California

---

DOCKET ENTRY: **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED AS SUCCESSIVE**

---

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| _Marlene Ramirez_ | _____None_____ | __None__ |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:  (IN CHAMBERS)**

On October 31, 2019,[1] Emanuel Nash, a California state prisoner proceeding pro se, filed a habeas petition pursuant to 28 U.S.C. § 2254 (the "Petition"). Petitioner appears to be challenging his July 12, 2011 conviction and sentence on two counts of first degree murder, with numerous special circumstances, for which he is serving consecutive terms of life without the possibility of parole on each murder count, consecutive sentences of 25-

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Petitioner appears to have signed the Petition on October 31, 2019. (Petition at 6). Therefore, the Court will deem the Petition filed on that date. See Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) ("We assume that [petitioner] turned his petition over to prison authorities on the same day he signed it and apply the mailbox rule.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     CV 19-9545 JVS (SS)                    Date: November 15, 2019
                                                    Page 2 of 4

Title:      Emanuel Nash v. Supreme Court of California

years to life on each murder count under Cal. Penal Code § 12022.53(d), and a consecutive term of six years for prior convictions within the meaning of Penal Code §§ 667(a)(1) and 667.5(d).  While the Petition is not entirely clear, Petitioner appears primarily to contend that he received ineffective assistance of counsel and that the evidence was insufficient to support his conviction.  However, the Petition appears to be successive.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996.  Lindh v. Murphy, 521 U.S. 320, 336 (1997).  Under AEDPA, a petition is considered "successive" if it challenges "the same custody imposed by the same judgment of a state court" as a prior petition.  Burton v. Stewart, 549 U.S. 147, 153 (2007) (per curiam).  AEDPA prohibits the filing of a second or successive petition in district courts unless the petitioner first obtains permission from the appropriate court of appeals.  See 28 U.S.C. § 2244(a)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); see also Burton, 549 U.S. at 152-53 (quoting 28 U.S.C. § 2244(b)(3)(A)).

"If [a] prisoner asserts a claim [in a successive petition] that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases.  And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions."[2]  Tyler v. Cain, 533 U.S. 656, 661 (2001).  However, "[e]ven if a petitioner can demonstrate that he qualifies for one of these exceptions, he must [still] seek authorization from the court of appeals before filing his new petition with the district court."  Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).

---

[2]  "One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict.  The other is for certain claims relying on new rules of constitutional law."  Tyler, 533 U.S. at 661 (citations omitted).  Neither of these exceptions appears to apply here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.    CV 19-9545 JVS (SS) | Date: November 15, 2019 |
| | Page 3 of 4 |

Title:     Emanuel Nash v. Supreme Court of California

Petitioner previously challenged his 2011 conviction and sentence in this Court in Emanuel Nash v. F. Foulk, Warden, C.D. Cal. CV 14-5494 JVS (SS), filed on July 15, 2014 ("Prior Petition I"). In Prior Petition I, Petitioner raised several ineffective assistance claims in addition to claims alleging the failure to instruct, double jeopardy, and violations of due process at sentencing. On December 21, 2015, the Court denied Prior Petition I on the merits and denied a certificate of appealability. (Dkt. Nos. 30-32).

Because this is the second habeas petition that Petitioner has filed in this Court challenging the same 2011 conviction and sentence, the Petition appears successive. Petitioner must therefore obtain permission from the Ninth Circuit before this Court can adjudicate any challenge arising from that conviction. 28 U.S.C. § 2244(b)(3)(A). Based on the Court's review of the docket, Petitioner has neither requested nor received permission from the Ninth Circuit to file the Petition. Accordingly, the Court appears to lack jurisdiction to adjudicate the instant Petition.[3] See Burton, 549 U.S. at 157.

Petitioner therefore is **ORDERED TO SHOW CAUSE**, within **fourteen (14) days** of the date of this Order, why this Court should not recommend that the Petition be dismissed without prejudice as successive. Petitioner may satisfy this Order to Show Cause by filing a response and/or declaration setting forth any reason why the instant Petition is not barred as successive. After the Court receives a response to the Order to Show Cause, it may prepare a Report and Recommendation for submission to the District Judge. This Order is not dispositive of any of Petitioner's claims.

---

[3] The Petition also appears likely to be untimely, as Petitioner was convicted over eight years ago and filed his first federal habeas petition challenging that conviction over five years ago. However, because the bar on successive petitions is dispositive and would deprive this Court of jurisdiction, the Court need not address the apparent untimeliness of Petitioner's current claims. See Cooper v. Calderon, 274 F.3d 1270, 1275 n.3 (9th Cir. 2001) (expressly declining to address the timeliness of a petition upon affirming that the petition was successive); see also Fisher v. Clark, 2014 WL 1457816, at *2 (C.D. Cal. Apr. 14, 2014) ("[T]he Court need not resolve the timeliness issue because the petition is subject to dismissal without prejudice for lack of subject-matter jurisdiction[.]").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    CV 19-9545 JVS (SS) | Date: November 15, 2019 |
| | Page 4 of 4 |

Title:     Emanuel Nash v. Supreme Court of California

**Instead of filing a response to this Order to Show Cause, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.** Petitioner, however, is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Petitioner is expressly warned that the failure to timely file a response to this Order to Show Cause may result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders. See Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order to Show Cause on Petitioner at his current address of record.

IT IS SO ORDERED.